IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EMILIO R. PAVON, | ) | 4:07CV3077 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NORFOLK DAILY NEWS, JERRY | ) | |
| HUSE, president p.b., and KENT | ) | |
| WARNEKE, Editor, | ) | |
| | ) | |
| Defendants. | ) | |

 This suit is brought by a prisoner proceeding pro se and seeks relief against *nongovernmental* defendants pursuant to 42 U.S.C. § 1983 for alleged denial of equal protection and violations of the first amendment based on material printed in the defendant newspaper. (Filing 1, Complaint.)  It is before me on Plaintiff's motion for an extension of time to pay the initial partial filing fee. (Filing 6.)  There has not yet been service of process. Subjecting the complaint to review pursuant to 28 U.S.C. § 1915(e)(2), I find that the complaint must be dismissed because it is frivolous.  I deny the motion for extension of time to pay the initial filing fee as moot, but note that the prisoner plaintiff remains liable for full payment of the filing fee even though his complaint has been dismissed.

 Different rules apply to cases in which the plaintiff is a prisoner, some of them imposed by the Prison Litigation Reform Act ("PLRA").  If the action is brought by a prisoner seeking redress from a governmental entity, the court is required to conduct initial review of the action "as soon as practicable after docketing" and to dismiss complaints or claims if they are "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A.  If the prisoner is not seeking redress from a governmental entity, and is paying the filing fee in installments because of a lack of funds to pay the entire filing fee simultaneously with filing of the

complaint, the court is *required* to dismiss the case, *at any time*, if the action is *frivolous*. Section 1915, applicable to suits in which the full filing fee is not paid at the time the complaint is filed, provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). A district court may dismiss a complaint, even when dismissal is prior to service of process, when the complaint is frivolous. Porter v. Fox, 99 F.3d 271, 273 (8th Cir. 1996) ("a district court may not dismiss prior to service of process unless the complaint is frivolous"). Thus I subject the complaint to review pursuant to 28 U.S.C. § 1915(e)(2).

A complaint is "frivolous" when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must establish that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful.'" Id. at 50 (internal citations omitted.) Accordingly, the "ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" Rendell-Baker v.

Kohn, 457 U.S. 830, 838 (1982) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). In the case before me, Plaintiff seeks relief from a newspaper and its employees, and there is no allegation of state action or assertion that the material was printed in the newspaper under color of state law. Thus the complaint lacks an arguable basis in law, and is "frivolous."

Plaintiff was advised in the Prisoner Payment Order that if this action was later dismissed as frivolous, malicious, or for failure to state a claim, the dismissal would "count" for purposes of the "three strikes rule" in 28 U.S.C. § 1915(g). (Filing 5 at n.1.) Because this action is dismissed as frivolous, the dismissal is a "strike." Although this dismissal is not on the merits[1] and does not preclude the filing of a paid complaint, a paid complaint would ultimately be dismissed for failure to state a claim because it lacks an arguable basis in law.

The moment Plaintiff filed this lawsuit, he became liable for payment of the filing fee. He still has the obligation to pay the filing fee, even though his suit has been dismissed as frivolous. 28 U.S.C. § 1915(b)(1) ("if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee"); In Re Tyler, 110 F.3d 528 (8th Cir. 1997) ("Even if [the plaintiff's] petition is dismissed, [the plaintiff] will still be assessed the full filing fee because the PLRA makes prisoners responsible for their filing fee the moment the prisoner brings a civil action or files an appeal"); Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951 (D. Neb. 2001) (full filing fee is due even if plaintiff's suit is involuntarily dismissed). As Plaintiff remains responsible for payment of the filing fee, and as the timing of the payment of the fee does not affect this action, I will deny

---

[1] Denton v. Hernandez, 504 U.S. 25 (1992) (as dismissal of a frivolous claim is "not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint under the in forma pauperis statute") (italics in original).

the motion for an extension of time for payment of the initial partial filing fee as moot.

Accordingly,

1. This action is dismissed because it lacks an arguable basis in law and is "frivolous" within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Judgment of dismissal without prejudice will be entered by separate order; and

3. The motion for extension of time for payment of the initial partial filing fee (filing 6) is denied as moot and Plaintiff remains liable for payment of the full filing fee.

June 4, 2007								BY THE COURT:

										*s/Richard G. Kopf*
										United States District Judge